SHERMAN, J.[1]
¶1 Kristy Malnory appeals a judgment of conviction following a jury trial for operating a motor vehicle with a prohibited alcohol concentration (PAC), second offense, contrary to WIS. STAT. § 346.63(1)(b), and an order denying her postconviction motion for a new trial on the ground of ineffective assistance of counsel. Malnory contends that her trial counsel was ineffective in failing to challenge the admissibility of a Blood/Urine Analysis report and the testimony of the individual who performed the analysis of her blood samples. For the reasons discussed below, I affirm.
BACKGROUND
¶2 The following facts are undisputed. Malnory was charged with operating a motor vehicle while intoxicated (OWI) and PAC, both as second offenses. See WIS. STAT . §§ 346.63(1)(a) ; 346.63(1)(b); and 346.65(2)(am). At trial, Wood County Sheriff's Deputy Eric Marten testified that he was dispatched to an automotive sales and repair business in the Town of Cameron in response to a property protection complaint. Deputy Marten testified that when he arrived at the business, he observed a minivan parked in the driveway of the business with a male occupant, who appeared to be "extremely intoxicated," sitting in the front passenger seat. Deputy Marten testified that a female subsequently walked toward the vehicle from the vicinity of a nearby ditch. Deputy Marten testified that the female, who he identified at trial as Malnory, informed him that the male passenger had thrown her cellular phone out of the minivan window while she was driving and that she had stopped the vehicle to look for it.
¶3 Deputy Marten testified that he could smell the odor of intoxicants coming from Malnory, that she was "loud" and a "little [ ] boisterous," and that she admitted to consuming alcohol that night. Deputy Marten testified that he had Malnory perform field sobriety tests and that during each of the three tests, Malnory exhibited clues of intoxication.
¶4 Deputy Marten testified that Malnory consented to a blood draw and she was transported to St. Joseph's Hospital. Deputy Marten testified that at the hospital, he provided a phlebotomist with a blood urinalysis screening kit, which contained two empty glass vials, and with a "Blood/Urine Analysis" form. Deputy Marten testified that in his presence and under his observation, the phlebotomist drew a sample of Malnory's blood into the two vials, and that the phlebotomist put those vials into the screening kit along with the screening form and then sealed the kit. Deputy Marten testified that the phlebotomist turned the screening kit over to him and that he in turn turned the kit over to the sheriff's department for mailing to the Wisconsin State Laboratory of Hygiene, where analysis of the blood would be done. The screening form was admitted into evidence.
¶5 Stephanie Weber, a chemist with the Wisconsin State Laboratory of Hygiene, testified that, as part of her job, she tests blood and urine samples for the presence of alcohol and drugs. Weber explained the procedure when the State Laboratory of Hygiene receives a blood screening, and testified that she received the screening kit containing Malnory's blood samples and screening form. Weber testified that she analyzed Malnory's blood samples for alcohol and that her analysis of those samples revealed that Malnory had a blood alcohol concentration of 0.184. Weber testified that she prepared and signed a lab report setting forth the results of her analysis of Malnory's blood samples, which was admitted into evidence.
¶6 A jury found Malnory guilty of both OWI and PAC, and the circuit court entered a judgment of conviction for second offense PAC.[2] Malnory moved the circuit court for a new trial on the ground of ineffective assistance of counsel. The court denied Malnory's motion. Malnory appeals.
DISCUSSION
¶7 Malnory contends the circuit court erred in denying her postconviction motion for a new trial on the ground that she received ineffective assistance of counsel at trial.
¶8 To set aside a judgment of conviction for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a defendant must point to specific acts or omissions that were "outside the wide range of professionally competent assistance." Id. at 690. To prove prejudice, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. Because a defendant must show both deficient performance and prejudice, an appellate court need not consider one prong if the defendant has failed to establish the other. State v. Chu , 2002 WI App 98, ¶47, 253 Wis. 2d 666, 643 N.W.2d 878.
¶9 Malnory argues that her trial counsel was ineffective for failing to challenge the admissibility of the Blood/Urine Analysis form on the ground that its admission without testimony by the phlebotomist who prepared the form is barred by the Confrontation Clause.
¶10 The Confrontation Clause of the Sixth Amendment guarantees criminal defendants the right to confront witnesses who testify against the defendant at trial. U.S. CONST . amend. VI.; see State v. Jensen , 2007 WI 26, ¶13, 299 Wis. 2d 267, 727 N.W.2d 518. A defendant's right to confrontation is violated when a witness is permitted to relate out-of-court "testimonial" hearsay statements pursuant to a recognized hearsay exception, unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Crawford v. Washington , 541 U.S. 36, 68-69 (2004). The Confrontation Clause is not implicated when the hearsay statements are "nontestimonial statements," see State v. Nieves , 2017 WI 69, ¶29, 376 Wis. 2d 300, 897 N.W.2d 363, or if the statements are non-hearsay, see Washington , 541 U.S. at 59 n.9 (noting that even if a statement is testimonial, it may still be admissible if it is not hearsay because the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted").
¶11 The Blood/Urine Analysis form contains Deputy Marten's identifying information, Malnory's identifying information, and information relating to the offense she was accused of. The form indicates that the specimen collected was blood, the date and time the specimen was collected, it lists Precious Pulham as the individual who collected the blood specimen from Malnory, and it contains Pulham's signature. Finally, the form indicates the date, time, and by whom the blood sample was received, it describes the sample conditions as "Two tubes, labeled and sealed," and it contains a notation: "Analyst verification" next to which is Weber's signature and a date.
¶12 Malnory argues that notations made by Pulham on the Blood/Urine Analysis form, including the type of specimen collected, the date and time the blood sample was collected, and "most importantly," a notation by Pulham that she was a "person acting under the direction of a physician," are out-of-court testimonial statements. She argues that because Pulham did not testify at trial, she was not permitted to cross-examine Pulham and, therefore, the admission of the form violates the Confrontation Clause.
¶13 I will assume, without deciding, that Malnory is correct that Pulham's written statements on the Blood/Urine Analysis form are testimonial and that her trial counsel was deficient for failing to object to the admission of those statements on Confrontation Clause grounds.[3] I conclude, however, that Malnory has failed to establish that she was prejudiced by counsel's deficiency.
¶14 As best I can tell, Malnory argues that counsel's failure to object on Confrontation Clause grounds to Pulham's written statements in the Blood/Urine Analysis form is prejudicial because she was prevented from challenging whether Pulham was a person authorized to take her blood.
¶15 WISCONSIN STAT . § 343.305(5)(b) provides that a person arrested for OWI or PAC may have blood drawn "only by a physician, registered nurse, medical technologist, physician assistant, phlebotomist, or other medical professional who is authorized to draw blood, or person acting under the direction of a physician." It is true that § 343.305(5)(b) requires that only qualified persons draw a defendant's blood for evidentiary purposes. However, the statute does not specify the manner for establishing that qualification. The statute also does not expressly require attendance of the person who drew the blood as a witness at trial. Accordingly, I look to the evidence presented at Malnory's trial to determine whether a jury could reasonably conclude that Malnory's blood was drawn by a qualified individual.
¶16 Deputy Marten testified at trial that the blood draw took place at St. Joseph's Hospital by a "phlebotomist" and that the "phlebotomist," Pulham, used a blood screening kit provided by the State. Deputy Marten testified that he observed the "phlebotomist" unseal the blood kit, that he witnessed the "phlebotomist" draw a sample of Malnory's blood into two vials, and that he observed the "phlebotomist" place the vials into the blood kit along with the completed Blood/Urine Analysis form and seal the kit. Deputy Marten testified that after the "phlebotomist" sealed the blood kit, Marten took possession of the blood kit until he turned it over to the Wood County Sheriff's Department for "mail processing."
¶17 I conclude that Deputy Marten's testimony sufficiently established that Malnory's blood sample was taken in a hospital by a phlebotomist. Prior case law establishes that a blood draw taken in a hospital by a phlebotomist is taken by a person authorized to draw blood. See, e.g., State v. Parisi , 2016 WI 10, ¶59, 367 Wis. 2d 1, 875 N.W.2d 619 (concluding that a blood draw in a hospital by a phlebotomist is effected in a reasonable manner); State v. Krajewski , 2002 WI 97, ¶47, 255 Wis. 2d 98, 648 N.W.2d 385 (concluding that a blood draw in a hospital by a nurse is effected in a reasonable manner). Accordingly, I conclude that Malnory was not prejudiced by counsel's failure to make a Confrontation Clause objection to the Blood/Urine Analysis form.
¶18 Malnory also argues that her trial counsel was ineffective for failing to move to strike Weber's testimony. She argues that evidence regarding the testing of her blood was inadmissible because the State failed to establish, as a result of Pulham's failure to testify at trial, that her blood was drawn by a person authorized to do so under WIS. STAT. § 343.305(5)(b). However, as explained above, the evidence presented at trial sufficiently established that Malnory's blood sample was obtained by a qualified person. Accordingly, I conclude that Malnory's trial counsel was not deficient in failing to move to strike Weber's testimony.
CONCLUSION
¶19 For the reasons discussed above, I reject Malnory's arguments that she received ineffective assistance of counsel and, therefore, affirm.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Pursuant to Wis. Stat. § 346.63(1)(c), a person may be charged with both OWI and PAC for acts arising from the same incident. If the individual is found guilty of both, there shall be only one conviction for sentencing purposes and for counting convictions for determining the relevant PAC under Wis. Stat. § 343.30(1q), and for certain revocation purposes. See Wis. Stat. § 343.305(10).

The parties do not dispute that the statements within the form are hearsay admitted at trial pursuant to an accepted exception. Accordingly, I do not address that issue, but accept it as true for purposes of this appeal.